**JEFFRYES et v ANDES et**

Ohio Appeals, 2nd Dist, Greene Co

No 390. Decided March 7, 1934

Marshall & Marshall, Xenia, for plaintiffs.

Miller & Finney, Xenia, for defendants.

## OPINION

By BARNES, J.

The determination of this case has been attended with great difficulty, but very recently the Supreme Court of Ohio has decided a case involving the same question and the principle is now stare decisis. We refer to the case of **Federal Union Life Insurance Company v William Deitsch et, reported in the Ohio Law Bulletin and Reporter, under date of February 19, 1934, on page 316, (127 Oh St 505).** The decision was by Judge Stephenson. The syllabus in this case reads as follows:

"1. A third person who, with his own funds, satisfies and discharges a prior first mortgage on real estate, upon the express agreement with the owner of the real estate that he will be secured by a first mortgage on the real estate in question, is subrogated

to all the rights of the first mortgagee in such real estate.

2. The fact that such subrogation gives the third party a preference over a prior intervening mortgagee, who had no knowledge of such agreement, in no wise affects the application of the doctrine of subrogation, when the burdens of such prior intervening mortgagee are in no wise increased. **Straman, Admr. v Rechtine et, 58 Oh St, 443,** approved and followed.

3. Under such facts and circumstances, our recording acts create no barrier against the application of subrogation."

As an extra precaution we have sent for and procured the manuscript copy of the opinion by Judge Stephenson, and find that the facts under consideration are so analagous to our case that no other or further discussion on the legal question involved is necessary.

It being disclosed from the evidence that the Union Central Life Insurance Company, with its own funds satisfied and discharged a prior and first mortgage on the real estate in question, under an express agreement with the owners, that such company should be secured by first mortgage on the real estate in question, it is thereby subrogated to all the rights of the Miami Conservancy District, the first mortgagee. The fact that the contractors had no knowledge of such agreement in no wise affects the application of the doctrine of subrogation, since the burden of the mechanic's lien holders is in no wise increased.

At the time they took their mechanic's liens, the same were subject to the prior mortgage of the Miami Conservancy District. Under the subrogation rights of the Union Central Life Insurance Company, the priorities of the mechanic's liens remain the same.

Under this principle of subrogation the filing dates of the respective liens will not alter the principle.

To the extent that the proceeds from the Life Insurance Company's mortgage funds were used to pay off the first mortgage lien of the Miami Conservancy District, the Union Central Life Insurance Company will have a prior lien. This, of course, will include accrued interest thereon. In so far as the funds from the Life Insurance Company's mortgage loan were not used for the purpose of paying off prior liens, the mechanic's lien holders will have a prior lien.

Of course, under the pleadings there is the right of foreclosure. Exceptions will be allowed to all parties if desired. Entry may be drawn in accordance with this opinion.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided March 27, 1934

By THE COURT

The above entitled cause is now being determined on application of plaintiffs for a rehearing.

Counsel for plaintiff, in support of their application, file very full and comprehensive brief.

We think the questions raised are fully covered in the original opinion.

The record discloses conclusively:

(1) That the money loaned by the Union Central Life Insurance Company was used to pay off the first mortgage lien of the Conservancy District of Dayton.

(2) That the agreement as contained in the application for loan, wherein it was agreed by the owners that the Union Central Life Insurance Company was to have a first lien, is not modified or changed by any subsequent action of the parties.

(3) That the recent decision by the Supreme Court in the case of the Federal Life Insurance Company v Deitsch directly meets the question that the mechanics' lien holders in the instant case are not harmed.

If, in the instant case, we had no other authority than **Straman, Administrator v Rechtine, 58 Oh St 443,** we would have had more difficulty in arriving at the opinion we did in our original decision.

The Deitsch case reported under date February 19, 1934, page 316 of the Ohio Law Reporter, we think, is decisive of the proposition.

The motion for rehearing will be overruled.

HORNBECK, PJ, and BARNES, J, concur. KUNKLE, J, not participating.